### O. W. Wylie v. The State.

No. 4295. Decided March 11, 1908.

#### 1.—Carrying Pistol—Venue—Reasonable Doubt—County Line.

It is not necessary to prove venue beyond a reasonable doubt in criminal cases; and where upon trial of unlawfully carrying a pistol it was shown that defendant carried a pistol within nine steps of a house situated in the county of the prosecution, the venue was sufficiently proved, although it might have been that the defendant was in the adjoining county, but within four hundred yards of the county line.

#### 2.—Same—Question of Fact—Sufficiency of Evidence.

Where upon trial for unlawfully carrying a pistol, some of the witnesses

testified positively that they saw defendant with the pistol, and others testified positively that they were in equally favorable position to see, and that they did not observe the pistol, the issue was one of fact for the jury.

**3.—Same—Charge of Court—Reasonable Doubt—Presumption of Innocence.**

Where upon trial for unlawfully carrying a pistol the court's charge taken as a whole sufficiently instructed the jury upon the question of reasonable doubt and presumption of innocence, a criticism of the same on this ground was untenable, and there was no error

Appeal from the County Court of Jones. Tried below before the Hon. J. P. Stinson.

Appeal from a conviction of unlawfully carrying a pistol; penalty a fine of $100.

The opinion states the case.

*Thomas L. Blanton,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for unlawfully carrying on and about the person a pistol.

Appellant contends that the judgment should be reversed for the failure of the court to give a charge to the effect that the venue must be proved in Jones County, beyond a reasonable doubt. It is not necessary to prove beyond a reasonable doubt the venue of a case under the decisions in this State. Nor do we think there is any merit in the contention that the State failed to prove venue, or even left it in doubt. The witness Matlock testified, that appellant had a pistol at his (witness') residence; that his premises are in Jones County; that on the 25th of November, 1907, appellant came in a buggy to his house, and was within nine steps of the house just on the outside of the yard fence; that appellant was in a buggy and called for the purpose of carrying the witness' sister driving or to a party; that he (the witness) protested against her accompanying appellant, and started from the house to the buggy; that when within six or eight feet of him, appellant told him twice to stop, and at the second injunction placed his hand inside his overcoat and drew a pistol, whereupon the witness returned to the house; appellant and witness' sister then drove away. If appellant had a pistol, as indicated by this witness, within nine steps of the residence of the witness, and the residence was in Jones County, as stated, and upon which he is not contradicted, it would be difficult to understand why the pistol was not carried in Jones County. If he (appellant) had it on his person within four hundred yards of the Jones County line, although it might have been in an adjoining county, still that would constitute venue, under our statute, in Jones County.

Appellant insists rather earnestly that the evidence is not sufficient. Several witnesses testified positively to the fact that appellant did not pull his pistol when the witness Matlock was approaching him. Each one of these witnesses testified positively they saw the pistol. Several

others testified most positively that they were in equally favorable position to see the matters occurring, and that appellant did not pull a pistol or exhibit one; that he simply ran his hand inside his overcoat, in order to "bluff" Matlock, and prevent his approaching where appellant and Matlock's sister were getting in the buggy. The issue was sharply put in regard to appellant having a pistol several witnesses testifying positively that he did have and exhibited it: others testifying as positively that he did not. And at least two of the witnesses testified they were with appellant all the evening; saw him change his clothing; one of them accompanied him in the buggy to the residence of the witness Matlock, and these two witnesses swear positively that he did not have the pistol at any time, and the evidence for the defendant is to the effect that he did not own a pistol, and had not owned one during the four years of his residence in that neighborhood. The evidence makes a sharp and incisive issue whether appellant had the pistol. This made it peculiarly a fact case for a decision of the jury. We do not feel authorized to disturb the verdict.

Some criticism is indulged in regard to the court's charge on reasonable doubt and presumption of innocence. We are of the opinion the charge in these respects is correct. The court, among other things, thus stated the law in regard to innocence and reasonable doubt: "The defendant is presumed to be innocent until his guilt is established by legal evidence, and if from the evidence before you, you have a reasonable doubt as to the defendant's guilt, you will acquit him." And further, "You are therefore charged that, if you believe from the evidence before you in this case beyond a reasonable doubt that O. W. Wylie did in Jones County," etc. The criticism of appellant seems to be mainly directed at the first quotation above, and that after the expression "established by legal evidence" the court should have stated "beyond a reasonable doubt" so as to make it read "the defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt." The charge taken as a whole, we think, sufficiently informs the jury in regard to this phase of the law.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*